## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **1776 AMERICAN PROPERTIES IV** | § | **CASE NO. 17-30422** |
| **LLC, et. al.[1]** | § | |
| | § | **Joint Administration Requested** |
| | § | |

## FIRST OMNBIUS EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT CERTAIN EXECUTORY CONTRACTS, EFFECTIVE NUNC PRO TUNC TO JANUARY 27, 2017

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT-COUNTERPARTY TO AN AGREEMENT WITH THE DEBTORS, PLEASE REVIEW EXHIBIT A, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are 1776 American Properties IV LLC (3677), 1776 American Properties V LLC (4327), 1776 American Properties VI LLC (8392), 1776 American Properties VII LLC (9340), 1776 American Properties VIII LLC (8277), APRF SP1-1 LLC (3543), Arica Lane LLC (2643), Austin Road Partners LLC (2582), Hazelwood Brownstone LLC (0949), Hazelwood Management Services LLC (1694) Independence Construction and Finance Inc. (8618), Reims Holdings LLC (8989) and Staunton Street Partners LLC (2406).

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1776 American Properties IV LLC, 1776 American Properties V LLC, 1776 American Properties VI LLC, 1776 American Properties VII LLC, 1776 American Properties VIII LLC, APRF SP1-1 LLC, Arica Lane LLC, Austin Road Partners LLC, Hazelwood Brownstone LLC, Hazelwood Managements Services LLC, Independence Construction and Finance Inc., Reims Holdings LLC and Staunton Street Partners LLC (collectively "Debtors"), debtors and debtors in possession, file this Motion to Reject Certain Executory Contracts (the "Motion"), *nunc pro tunc* to January 27, 2017, and in support thereof, respectfully state as follows:

## I.   SUMMARY OF EXPEDITED RELIEF REQUESTED

1.      These cases were each filed on January 27, 2017 (the "Petition Date").   Pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request authorization to reject certain executory contracts (the "**Executory Contracts**")[2].  A list identifying and describing the Executory Contracts is attached hereto as **Exhibit A**. A proposed form of order (the "**Order**") is attached hereto as **Exhibit B**.

2.      The Debtors request that the rejection of those Executory Contracts be effective as of January 27, 2017.

## II.   JURISDICTION AND VENUE

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334.   This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).   The relief requested herein is authorized under Sections 365 of the Bankruptcy Code.   Venue of the Debtors' Chapter 11

---

[2] For the avoidance of doubt, by this Motion, the Debtors seek to reject the Executory Contracts and all of their amendments, modifications and predecessors, whether written or oral.

cases is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2).

### III.   BACKGROUND INFORMATION

#### A.  Overview of the Debtors

4.      The above captioned Chapter 11 bankruptcy cases were each filed on January 27, 2017 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").   A Motion for Joint Administration of the bankruptcy cases was filed on January 27, 2017.  The Debtors continue to manage their respective property as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in the Debtors' bankruptcy cases and an official committee of unsecured creditors has not established.

6.      The above captioned bankruptcy cases were each filed on January 27, 2017 (the "Petition Date").   The Debtors continue manage their property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7.      No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has yet been established.

8.      Prior to the Petition Date, the Debtors each retained Erich Mundinger to serve as Vice President and Chief Restructuring Officer.

#### A.  Operations

9.      Historically, the Debtors were managed by Jeff Fisher.  Jeff Fisher was raised in the Houston area and in 1994, Mr. Fisher moved to Asia as part of his United States Military service.  In 1997 Mr. Fisher relocated to Hong Kong and has lived in Hong Kong with his wife and family since that time. In 2008, Mr. Fisher began investing in real estate in the Houston area.  Mr. Fisher worked with family and friends in Asia who decided to

invest in special purpose entities organized in the Cayman Islands.  The offshore companies would then loan money to Delaware based limited liability companies, who in turn invested in real estate in the United States.   By 2012, the US based LLC's had acquired over 70 properties worth over $10 million.

1.    The Debtors' businesses generally fit within one of two business models:

**Category 1 -- Buy and Hold Rental Properties**.  Each of these particular Debtors purchase rental properties based upon certain risk and return evaluations.  Most of the rental properties are financed through mortgages from the Cayman Islands based lender.  The underlying notes require interest only payments with balloon payment upon maturity.  The offshore lenders are largely funded through Asian based investors.   Two of the Debtors have traditional bank financing arrangements that are secured by deeds of trusts and security agreements.

**Category II – New Home Construction.**  These Debtors obtain loans from a Cayman Islands based lender and then use the funds to purchase vacant lots in residential subdivisions.  The lots are then marketed to homebuilders as part of financing package allowing the value of the lots to be used as an equity down payment on a construction loan.  The lots are deeded to the builder by the Debtor and the Debtors take a subordinated loan position behind the construction loan.   The Debtors and the homebuilders also enter into an agreement to split the profits on the ultimate sale of the home.   When the homes are sold, the proceeds are paid first to the construction lender, then to

the respective Debtor for the subordinated debt, and then a profit split between the homebuilder and Debtors.

10.    Debtor Independence Construction and Finance Inc. ("ICF"), intended to implement a third business model to provide hard money loans to builders.  Mr. Fisher had arranged a lined of credit to provide the loans. However, due to substantial and dramatic decrease in the price of oil, and the corresponding change in business environment in the Houston area, ICF never began making loans.  ICF currently owns a single family home and a vacant lot.  ICF intends to sell those properties as part of the Chapter 11 proceeding.

11.    Collectively, the Debtors now own one hundred sixteen (116) rental single family homes / apartment units, five (5) single family homes, and seventy six (76) vacant lots.  In addition, Debtors 1776 IV, 1776 V, 1776 VII and 1776 VIII hold promissory notes and profit sharing arrangements with various builders on approximately fifty eight (58) lots.

**B.  Litigation/Dispute with Heather Carlile**.

12.    In 2012, Mr. Fisher became acquainted with Heather Carlile, a real estate agent, through a transaction where one or more of the portfolio companies purchased 15 properties in Texas. Ms. Carlile represented the seller in the transaction.  The portfolio companies then hired Ms. Carlile to serve as property manager for the 15 properties.

13.    In 2013, Mr. Fisher set up Blavesco Limited, a Texas corporation, to function as a property management company for some of his related the portfolio companies. Blavesco hired Ms. Carlile, and in order to maximize Ms. Carlile's interest in Blavesco's performance, Ms. Carlile was awarded a Class B non-voting beneficial share in Blavesco, which represented 50% of the Class B issued shares.  The Class B shareholders are not entitled to participate in voting matters related to the management of Blavesco.  Mr. Fisher

is the sole Class A shareholder and 50% Class B shareholder.  Mr. Fisher is the sole director

with the right to control the compensation for any directors, officers, managers and employees of

the company.[3]  Ms. Carlile was responsible for the day to day operations of Blavesco.

14.    Over time, Blavesco entered into various property management agreements

with APRF SP1-1 LLC, Austin Road Partners LLC, Hazelwood Brownstone LLC, Hazelwood

Management Services LLC, Reims Holdings LLC, 1776 American Properties VII LLC and

Staunton Street Partners LLC.  Blavesco also performed some property management, brokerage

or other services from time to time for the following companies without a written agreement:  1776

American Properties IV LLC, 1776 American Properties V LLC, 1776 American Properties VI

LLC, 1776 American Properties VIII LLC, and Independence Construction.

15.    Blavesco has never owned any interest in the Debtors and never made any loans to

the Debtors.

16.    In 2016, disagreements and conflicts arose between Carlile and Mr. Fisher regarding

the management of Blavesco, among other things.  Ms. Carlile then filed suit, both individually

and derivatively on behalf of Blavesco, against Jeff Fisher and the Debtors (the "Blavesco

Litigation").  Due to the irreconcilable differences between Mr. Fisher and Ms. Carlile, in

July 2016, the Texas state court appointed a custodian for Blavesco.  The Blavesco Litigation

is highly contentious and acrimonious.  An injunction entered by the Texas state court

expired (with very narrow exceptions) on December 31, 2016.  Among other things, the

injunction provided that the Debtors' could not cancel or terminate any property management

agreement with Blavesco up through December 31, 2016.  The terms of the injunction

specifically provided that the Debtors were permitted to negotiate and enter into "property

---

[3] Ms. Carlile contends she was appointed as a director of Blavesco.

management agreements to one or more successor property managers … and negotiating and entering into agreements with successor listing companies or brokers…"  To this end, Debtors negotiated new management agreements for their investment portfolios that were to begin January 1, 2017.  However, Blavesco, Ms. Carlile and the Debtors have been unable to agree on the terms for a transfer to new property manager, including numerous questions on the sums due to Blavesco and the Debtors.  In addition, Blavesco did not turn over rents (from the Debtors' rental properties) for December 2016 and January 2017, which has resulted the in the Debtors' inability to meet their financial obligations to other creditors.

17.     Blavesco and Carlile may continue with highly inflammatory allegations against Mr. Fisher in these bankruptcy cases.  Regardless, termination of the highly acrimonious business relationships between Blavesco and the Debtors will allow any potential claims to be liquidated and the Debtors to orderly reorganize their operations.

### IV.     **THE EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

18.     The Debtors are currently undergoing a comprehensive review of their executory contracts to determine which contracts to assume and which to reject. Collectively, the Debtors' own one hundred sixteen (116) rental single family homes / apartment units, five (5) single family homes, and seventy six (76) vacant lots The Blavesco Litigation has resulted in a substantial interruption in the Debtors' business.  Blavesco has refused to turn over any of the rents on the rental properties over the past sixty (60) days.  Blavesco has no ownership interest in any of the Debtors' properties.  The relationship between Blavesco, and the Debtors is highly adversarial. Accordingly, a continued business relationship is not possible.

19.     The Debtors no longer require certain executory contracts and will seek to reject those contracts that provide no meaningful value or benefit to the Debtors' estates. The Debtors

have reviewed the Executory Contracts that are the subject of this Motion and have determined, in the exercise of their sound business judgment, that continuing the Executory Contracts would be burdensome and would provide no corresponding benefit or utility to the Debtors' estates.  In fact, allowing Blavesco to manage the Debtors' properties will substantially prejudice the Debtors' ability to reorganize and restructure their businesses.

20.     The Executory Contracts include: (1) various residential leasing and property management agreements relating to the rental properties owned by the Debtors; (2) equipment leases relating to equipment that is no longer being utilized by the Debtors; and (3) a commercial office lease that is no longer required by the Debtors.  By this Motion, the Debtors are notifying the equipment lessors that they are free to retrieve their equipment.  Exhibit A contains a description of each Executory Contract and the counter-party.

21.     The Debtors' primary business purpose at this stage in their chapter 11 cases is streamline their operations, move to sell some of its property that is not income producing in an efficient and cost-effective manner to maximize the value of the recovery for their creditors, and restructure the file one or more plans of reorganizations.. The Executory Contracts are not necessary for the Debtors' continuing business operations or the administration of the Debtors' estates, and maintaining the Executory Contracts would impose unnecessary costs and burdens on the Debtors' estates.  Blavesco refuses to turn over the rents to the Debtors in an attempt to gain leverage in the state court litigation and the relationship between Carlile/Blavesco and the Debtors is adverse.  The Debtors have already engaged substitute qualified property managers to manage the properties.  Accordingly, the Debtors submit this Motion to reject the Executory Contracts.

**A.  Rejection of the Executory Contracts Reflects Debtors' Sound Business Judgment**

22.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in

possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.' " *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

23.     Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

24.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business

judgment test, the debtor in possession must 'establish that rejection will benefit the estate.' ")
(citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In
determining whether the debtor has employed reasonable business discretion, the court for the
most part must only determine that the rejection will likely benefit the estate.") (quoting *G
Survivor*, 171 B.R. at 757)). Further, under the business judgment standard, "[a] debtor's decision
to reject an executory contract must be summary affirmed unless it is the product of 'bad faith, or
whim or caprice' " *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

25.     The rejection of an unexpired lease constitutes a breach of the underlying lease,
which then gives the non-debtor contractual party the opportunity to file a claim against the estate
for damages arising from the rejection or breach of such lease. *See Century Indem. Co. v. NGC
Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, (5th Cir. 2000) (*citing Wainer v. A.J.
Equities, Ltd.*, 984 F.2d 679, 684 (5th Cir. 1993)); see also 11 U.S.C. § 365(g) (2009).

26.     As noted above, the Debtors have reviewed the Executory Contracts and have
determined that in light of the adverse relationship with Blavesco/Carlile, the winding down of
other parts of the Debtors business, the expected sale of other assets, the Executory Contracts are
no longer necessary for or beneficial to the Debtors' ongoing business, and create unnecessary and
burdensome expenses for the Debtors' estates. In addition, the Debtors have determined that no
meaningful value would be realized by the Debtors if the Executory Contracts were assumed and
assigned to third parties. Accordingly, the Executory Contracts should be rejected.  The Debtors'
reserve all rights to assert that no valid executory contracts existed with the counter-parties,
specifically, but not limited to, that any alleged oral agreement existed with the counter-parties.

**B.  Nunc Pro Tunc Relief is Appropriate**

27.     Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease

under Bankruptcy Code sections 105(a) and 365(a). *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004). ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

28.     The equities of these cases favor rejection of the Executory Contracts *nunc pro tunc* to January 27, 2017.  Rejection *nunc pro tunc* will permit the Debtors to reduce the burdensome cost and avoid additional, unnecessary administrative charges incurred under the agreement that are not necessary to the Debtors' operations or chapter 11 efforts. Furthermore, the equipment leasing counter-parties will not be unduly prejudiced if the Executory Contracts are rejected *nunc pro tunc* because the Debtors have ceased using the equipment and the equipment lessors may immediately retrieve possession of the equipment subject to the Executory Contracts at their convenience. (when the next monthly payment may become due). To eliminate potential administrative claims against their estates and avoid further obligations accruing under the Executory Contracts, the Debtors respectfully submit that rejecting the Executory Contracts as of January 27, 2017 is appropriate.

## V.     <u>NOTICE</u>

29.     Notice of this Motion has been provided to the Office of the Unites States Trustee, the contract counter-parties, the 20 largest unsecured creditors of the respective debtors and the secured creditors.  The Debtors submit that such notice is sufficient and no other or further notice

need be provided.

Dated: January 27, 2017

Respectfully submitted,

ANDREWS MYERS, PC

/s/ T. Josh Judd
T. Josh Judd
SBN: 24036866
3900 Essex Ln, Suite 800
Houston, TX 77027
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com

*Proposed Counsel for the Debtors*

**EXHIBIT A – LIST OF EXECUTORY CONTRACTS TO BE REJECTED**

| Debtor Party | Counter-Party | Description | Location | Term (disputed or undisputed) |
|---|---|---|---|---|
| APRF SP1-1 LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 6001 Reims Road, Houston, TX 77036 Units 1207, 1001, 1006, 1102, 1112, 1201, 1203, 1203, 1204, 1211, 1212, 1409, 1410, 1411, 1412, 1414, 1417, 207, 208, 302, 305, 307, 508, 903, 905. | ALL CONTRACTS, WRITTEN OR ORAL. Expired 6/30/16 (month to month) |
| Austin Road Partners LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 4827 Hickorygate Drive Spring, TX 77373, 7203 Fuchsia Lane Humble, TX 77346, 94 Dove Call Court The Woodlands, TX 77382, 38 N Spinning Wheel Circle The Woodlands, TX 77382 118 N. Archwyck Circle The Woodlands, TX 77382 3417 Tampa Street all apartments (A, B, C, D, F, G), Houston, TX 77021 3425 Tampa Street, Houston, TX 77021 3427 Tampa Street, Houston, TX 77021. 6002 Reims Road Apartments, Silverleaf Condominiums: 1007, 101, 113, 203, | ALL CONTRACTS, WRITTEN OR ORAL. Expired 6/30/16 (month to month) |

| | | | 210, 309, 501, 806, 1005, 1031, 1302, 1303, 1307, 1308, 1312 | |
|---|---|---|---|---|
| Hazelwood Brownstone LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Office Condominiums | 255511 Budde Road, Bld 30, The Woodlands, TX 77380 | ALL CONTRACTS, WRITTEN OR ORAL. Through July 31, 2018. |
| Hazelwood Management Services LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 1616A, 1616B, 1733, 1735, 1736, 1737, 1738, 1739, Hazelwood Street, Conroe, TX 77301 5625 Antoine #203, #1106 and #702, 1603, 1604, 1605, 1606 Houston, TX 77091 | ALL CONTRACTS, WRITTEN OR ORAL. Expired 6/30/16 (month to month) |
| Reims Holdings LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 6001 Reims, Houston, Texas 77036, Units 204, 209, 301, 302, 304, 307, 508, 1101, 909 of Silverleaf Condominiums. | ALL CONTRACTS, WRITTEN OR ORAL. Expired 6/30/16 (month to month) |
| Staunton Street Partners LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 10106 Peachridge Drive - 10106 Peachridge Drive Houston, TX 77070 10911 Wilkenburg Drive - 10911 Wilkenburg Drive Houston, TX 77086 11017 Tridens Court - 11017 Tridens Court Houston, TX 77086 11502 Dovedale Court - 11502 Dovedale Court Houston, TX 77067 11515 Inga Lane - | ALL CONTRACTS, WRITTEN OR ORAL. 60 day notice for termination (previously provided). |

| | | | 11515 Inga Lane Houston, TX 77064 11822 Perry Road - 11822 Perry Road Houston, TX 77070 12011 Gregory Crossing Way - 12011 Gregory Crossing Way Houston, TX 77067 12014 Becca Crossing Way - 12014 Becca Crossing Way Houston, TX 77067 12015 Gregory Crossing Way - 12015 Gregory Crossing Way Houston, TX 77067 12019 Gregory Crossing Way - 12019 Gregory Crossing Way Houston, TX 77067 12631 Day Hollow Drive - 12631 Day Hollow Drive Houston, TX 77070 13526 Hampton Falls Drive - 13526 Hampton Falls Drive Houston, TX 77041 15706 Tammany Lane - 15706 Tammany Lane Houston, TX 77082 15739 Tammany Lane - 15739 Tammany Lane Houston, TX 77082 15911 Whipple Tree Drive - 15911 Whipple Tree Drive Houston, TX 77070 16402 Espinosa | |
|---|---|---|---|---|

| | | | Drive - 16402 Espinosa Drive Houston, TX 77083 1911 Crosscoach Lane - 1911 Crosscoach Lane Katy, TX 77449 19630 Southaven Drive - 19630 Southaven Drive Houston, TX 77084 2414 Piddler Drive - 2414 Piddler Drive Spring, TX 77373 2750 Sicklepod Drive - 2750 Sicklepod Drive Houston, TX 77084 3203 Silverside Drive - 3203 Silverside Drive Katy, TX 77449 3211 Crossfell Road - 3211 Crossfell Road Spring, TX 77388 3359 Silverside Drive - 3359 Silverside Drive Katy, TX 77449 4523 Towergate Drive - 4523 Towergate Drive Spring, TX 77373 4927 Monteith Drive - 4927 Monteith Drive Spring, TX 77373 5406 Quail Tree Lane - 5406 Quail Tree Lane Humble, TX 77346 5407 Dove Forest Lane - 5407 Dove Forest Lane Humble, TX 77346 | |
| --- | --- | --- | --- | --- |

| | | | | |
|---|---|---|---|---|
| | | | 5414 Diane Court - 5414 Diane Court Spring, TX 77373 5503 Fallengate Drive - 5503 Fallengate Drive Spring, TX 77373 5510 Fallengate Drive - 5510 Fallengate Drive Spring, TX 77373 6723 Tournament Drive - 6723 Tournament Drive Houston, TX 77069 6729 Tournament Drive - 6729 Tournament Drive Houston, TX 77069 6737 Tournament Drive - 6737 Tournament Drive Houston, TX 77069 7506 Tetela Drive - 7506 Tetela Drive Houston, TX 77083 7606 Kite Hill Drive - 7606 Kite Hill Drive Houston, TX 77041. Unit 202 Silverleaf Condominiums, 6001 Reims Road, Houston, TX | |
| 1776 American Properties IV LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 10796 Bourbon Street 2 Winthrop Harbor 10882 Bourbon 14626 Sterling Court 352 Country Crossing 102 Sunrise Way (ex-110 Shadow Springs Trail) 0 Waterford Way 14635 Chevelle Lane | ALL CONTRACTS, WRITTEN OR ORAL. Termination date left blank |

| | | | 14645 Chevelle Lane<br>1619 Topaz Trail<br>1710 Opal Trail<br>14713 Topaz Court<br>14702 Turquoise Trail<br>1734 Opal Trail<br>14614 Sterling Court<br>28000 Palomino<br>10815 Bourbon Street<br>10819 Bourbon Street<br>10900 Bourbon Street<br>10913 Bourbon Street<br>10887 Dauphine Street<br>12566 St Ann<br>12562 St Ann<br>10912 Bourbon Street<br>10916 Bourbon Street<br>10859 Bourbon Street<br>10895 Bourbon Street<br>10879 Decatur Street<br>1904 Boulder<br>1910 Boulder<br>10887 Decatur<br>1570 Ruby Drive, | |
|---|---|---|---|---|
| 1776 American Properties V LLC | Blavesco Ltd.<br>PO Box 9993<br>The Woodlands, TX 77387 | Residential Leasing & Property Management | 2 Winthrop Harbor,<br>1604 Sabine Str<br>1606 Sabine Str<br>0 Carmencita Way<br>0 Carmencita Way<br>0 Carmencita Way<br>0 Carmencita Way<br>0 Carmencita Way<br>0 Carmencita Way<br>0 Carmencita Way<br>0 Carmencita Way<br>0 Carmencita Way | ALL CONTRACTS, WRITTEN OR ORAL. Oral agreement only; no agreement on end date |

| | | | | |
|---|---|---|---|---|
| | | | 0 Viera Lane | |
| | | | 0 Viera Lane | |
| | | | 0 Viera Lane | |
| | | | 0 Viera Lane | |
| | | | Lot 1, Block 1 | |
| | | | Lot 2, Block 1 | |
| | | | Lot 3, Block 1 | |
| | | | Lot 5, Block 1 | |
| | | | Lot 6, Block 1 | |
| | | | Lot 7, Block 1 | |
| | | | Lot 8, Block 1 | |
| | | | Lot 11, Block 1 | |
| | | | Lot 13, Block 1 | |
| | | | Lot 17, Block 1 | |
| | | | Lot 18, Block 1 | |
| | | | Lot 19, Block 1 | |
| | | | Lot 20, Block 1 | |
| | | | Lot 21, Block 1 | |
| | | | Lot 22, Block 1 | |
| | | | Lot 23, Block 1 | |
| | | | Lot 1, Block 2 | |
| | | | Lot 3, Block 2 | |
| | | | Lot 5, Block 2 | |
| | | | Lot 7, Block 2 | |
| | | | 1223 West 16th Street | |
| | | | 1226 Lamonte Lane | |
| | | | 10870 Bourbon Street | |
| | | | Lot 1, Block 2, Section 1 | |
| | | | Lot 2, Block 2, Section 1 | |
| | | | Lot 3, Block 2, Section 1 | |
| | | | Lot 4, Block 2, Section 1 - 5621 Mina Way | |
| | | | Lot 5, Block 2, Section 1 | |
| | | | Lot 6, Block 2, Section 1 - 5613 Mina Way | |
| | | | Lot 7, Block 2, Section 1 - 5609 Mina Way | |

| | | | Lot 8, Block 2, Section 1 - 5605 Mina Way<br>Lot 9, Block 2, Section 1  5606 Woodbrook<br>Lot 10, Block 2, Section 1 - 5610 Woodbrook<br>Lot 11, Block 2, Section 1 - 5614 Woodbrook<br>Lot 12, Block 2, Section 1<br>Lot 13, Block 2, Section 1<br>Lot 14, Block 2, Section 1<br>Lot 15, Block 2, Section 1<br>Lot 16, Block 2, Section 1<br>411 Roy Street Lot 9A & 10A<br>810 Jewett Street Lot 5 & 6 | |
|---|---|---|---|---|
| 1776 American Properties VI LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 4016 McKinney Street<br>Lot 670, Oak Cove, Sunset, TX<br>Lot 671, Oak Cove, Sunset, TX<br>Lot 672, Oak Covve, Sunset, TX<br>1606 DuBarry Lane<br>4712 La-Branch A & B<br>271 Palermo Circle, Palm Beach, 119 Monterrey Street | ALL CONTRACTS, WRITTEN OR ORAL. Oral agreement only; no agreement on end date |
| 1776 American Properties VII LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 3506 Balzy Road<br>3510 Balzy Road<br>0 Balzy Road<br>3504 Balzy Road<br>3518 Balzy Road<br>3504 Balzy Road | ALL CONTRACTS, WRITTEN OR ORAL. Expired 6/30/16 (month |

| | | | 3522 Balzy Road 1225 Judiway  Street 0 Balzy Road 3514 Balzy Road 3519 Balzy Road 7103 Pleasure Lake | to month) |
|---|---|---|---|---|
| 1776 American Properties VIII LLC | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 4913 Westbriar Drive 4915 Westbriar Drive 10872 Decatur Street 11667 Renaissance Drive, 11671 Renaissance Drive 8808 Bar K Ranch Road, Lago Vista Bison Trail, Lago Vista Bison Trail, Lago Vista Bison Trail, Lago Vista Bison Trail, Lago Vista Bison Trail, Lago Vista Bullet Cove, Lago Vista Bullet Cove, Lago Vista Corral Cove, Lago Vista Corral Cove, Lago Vista Creekside Cove, Lago Vista Creekside Cove, Lago Vista Wildwood Cove, Lago Vista Lago Vista, TX Sweet Springs Rd, Weatherford 8853 Catamaran, Montgomery 8857 Catamaran, | ALL CONTRACTS, WRITTEN OR ORAL. Oral agreement only; no agreement on end date |

| | | | Montgomery 4004 Spencer Houston, Tx, 8516 Austin Road, Saddle Creek | |
|---|---|---|---|---|
| Independence Construction and Finance Inc | Blavesco Ltd. PO Box 9993 The Woodlands, TX 77387 | Residential Leasing & Property Management | 10882 Bourbon Street, French Quarter. 14626 Sterling Court, Emerald Lakes. | ALL CONTRACTS, WRITTEN OR ORAL. Oral agreement only; no agreement on end date |
| Independence Construction and Finance Inc | GROC LLC, 2219 Sawdust Rd, The Woodlands< TX 77380 | Office rental | Suite 1604 Grogan's Ridge Office Complex, | Expires 5/31/2017 |
| Independence Construction and Finance Inc | CIT Bank, NA, 10201 Centurion Parkway North, Suite 100, Jacksonville, FL 32256 | Copier Lease | Canon IR C330i Copier | Expires 6/7/2019 |
| Independence Construction and Finance Inc | Canter Office Equipment Service Inc. 600 Kenrick C-18 Houston, TX 77060 | Copier Service Agreement | Canon IR C330i Copier Service Agreement | Expires 6/7/2019 |
| | | | | |

4818-2295-9168, v. 1