IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 17-30422-kkb |
| 1776 AMERICAN PROPERTIES IV § | (Chapter 11) |
| LLC, et. al. § | |
| § | |
| § | |

**BLAVESCO LIMITED'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY WITH RESPECT TO STATE COURT LAWSUIT**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**THERE WILL BE A HEARING ON THIS MATTER ON MARCH 22, 2017, AT 9 A.M. IN COURTROOM 403, 4TH FLOOR, U.S. COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Blavesco Limited, a creditor in this Chapter 11 jointly-administered case, moves the Court to grant relief from the automatic stay, pursuant to 11 U.S.C. §362(d), with respect to a lawsuit pending in the 11th District Court of Harris County, Texas, and respectfully states:

**Introduction and Summary of Motion**

1.      This bankruptcy proceeding arises out of a dispute between two shareholders of a Texas corporation, yet neither the shareholders nor the corporation are debtors. The dispute is the subject of a lawsuit filed in Harris County District Court in June 2016, in which there have been numerous pleadings, hearings, partial agreements and orders including two temporary

injunctions (one of which was agreed), a sanctions order, and the appointment of a custodian for the corporation, Blavesco. Displeased with his own agreements and the District Court's orders, the defendant shareholder Jeff Fisher has placed a number of companies under his control in bankruptcy, thus invoking the automatic stay with respect to the lawsuit.

2. These bankruptcy cases were filed in bad faith, in an obvious attempt at forum shopping with no purpose other than to avoid litigation in state court. Blavesco, acting through its custodian, accordingly seeks relief from the stay to allow the lawsuit to proceed. In the alternative, Blavesco seeks relief (i) to proceed as to non-debtor parties, including enforcement of an agreement regarding ownership of shares in Blavesco, and (ii) to allow a disbursement from the District Court's registry pursuant to agreement and court orders in the state court lawsuit.

## Procedural Background

3. Heather Carlile, a real estate broker and manager, and Jeff Fisher, a real estate investor and developer controlling substantial funds for Asian investors through Cayman Island corporations, formed Blavesco in 2013. Blavesco, which is owned by Carlile and Fisher, was to act as broker and/or manager for properties to be purchased or developed and/or leased to third parties by Fisher in Texas.

4. In 2016, Mr. Fisher formed Independence Construction and Finance, Inc. ("Independence"). Mr. Fisher formed this company to take over all of the tasks that Blavesco had been handling – and thus to assume for himself all of the management fees and brokerage fees that would have been earned by Blavesco and thus shared with Ms. Carlile. Upon forming the company, Mr. Fisher undertook to divert business from Blavesco – in which he was the controlling shareholder and president – to Independence. In fact, Independence solicited

Blavesco's business not only with Mr. Fisher's companies but with other clients of Blavesco as well.

5. Ms. Carlile learned of this scheme and on June 8, 2016, she filed a lawsuit, acting for herself and for Blavesco (the "Blavesco Lawsuit") styled *Heather Carlisle, individually and derivatively on behalf of Blavesco Limited v. Jeff Fisher, et al*, Cause No. 2016-39514 in the 11th District Court of Harris County, Texas (the "District Court") and obtained a temporary restraining order against Mr. Fisher. Ms. Carlile's pleadings were twice amended and additional defendants were added, including a number of companies owned or controlled by Mr. Fisher that had management and brokerage agreements with Blavesco. Ms. Carlile's live pleading is Plaintiff's Second Amended Verified Petition and Application for Permanent Injunction, a copy of which is attached hereto as Exhibit A. There have been a number of hearings and orders in the Blavesco Lawsuit. A copy of the docket sheet, in chronological order, is attached hereto as Exhibit B.

6. Following an evidentiary hearing on July 18, 2016, the District Court entered an Order Granting Temporary Injunction. This order enjoined Fisher and his companies from conducting any real estate business except through Blavesco and from soliciting customers of Blavesco. At the same time, the District Court appointed Michael D. Stein to serve as custodian for Blavesco. A copy of the Court's Amended Order Appointing Custodian, signed July 29, 2016, is attached hereto as Exhibit C.

7. Mr. Fisher almost immediately violated this injunction, and Ms. Carlile accordingly filed a motion for contempt in October 2016. After two full days of negotiation and court proceedings, the parties dictated an agreement into the court record on November 15 and 16, 2016, pursuant to which an amended temporary injunction was signed. A copy of the

Amended Order Granting Temporary Injunction, signed November 16, 2016, is attached hereto as Exhibit D.  As noted therein, all parties agreed to this order.

8. One part of the agreement provided for resolution of Blavesco's entitlement to payment for certain expenses.  Pursuant to that agreement, Mr. Fisher deposited $138,186.36 into the registry of the court and the parties submitted briefs on the issue for resolution "without appeal" by the court.  On December 30, 2016, the District Court entered an order resolving this issue and finding that expenses were to be paid to Blavesco.  A true copy of the Order Granting Plaintiff's Relief on Certain Disputed Sums, signed December 30, 2016, is attached hereto as Exhibit E.

9. Another integral part of agreement made on the record was that Mr. Fisher would transfer all of his stock in Blavesco to Ms. Carlile and resign all of his positions and employment with Blavesco in exchange for the termination of all property management agreements held by Blavesco with Fisher-related companies. To this day, however, Mr. Fisher has not transferred his stock nor resigned his positions in Blavesco.

10. On November 29, 2016, Ms. Carlisle filed a motion for sanctions, asserting that Mr. Fisher and his companies had violated the amended temporary injunction to which they had agreed.  Following an evidentiary hearing on December 13, 2016, the District Court found that Mr. Fisher had indeed violated the agreed injunction, and that he had done so "purposefully and on multiple occasions."  On December 30, 2016, the District Court signed an Order Granting Plaintiff's Emergency Motion for Sanctions, a copy of which is attached hereto as Exhibit F. The sanctions order directs the Defendants to cease the deletion and destruction of business records and assesses attorney's fees of $67,461.81.

11. On January 11, 2017, Ms. Carlile filed a motion to disburse funds to Blavesco in accordance with the agreement reached in November and the court's subsequent order determining that Blavesco was entitled to such funds in payment of accrued expenses. The motion was heard on January 22, 2017, and the District Court took the matter under advisement.

12. On January 20, 2017, Ms. Carlile filed a motion to enforce the District Court's sanctions order and to compel discovery. The motion was set for hearing on January 30, 2017.

13. Prior to a ruling on the motion to disburse funds and before the January 30 hearing on the motion to enforce sanctions and compel discovery, these bankruptcy cases were filed on January 27, 2017. The debtors include twelve (12) of the twenty-five (25) defendants in the Blavesco Lawsuit. The remaining thirteen (13) defendants – most importantly, Mr. Fisher – did not file Chapter 11 petitions.

14. The parties appeared at the January 30 hearing but the non-debtor Defendants including Mr. Fisher argued that the entire case, including the claims against them, was stayed by this bankruptcy. The District Court thus declined to hear any motion against any party, but allowed Blavesco to retain bankruptcy counsel to seek relief from the stay.

15. Subject to the relief requested in this motion, the Blavesco Lawsuit is set for trial on the two-week docket beginning August 21, 2017. A copy of the Docket Control Order, signed October 27, 2016, is attached hereto as Exhibit G.

### First Ground for Relief from Stay: The Blavesco Lawsuit should be allowed to proceed because these cases were not filed in good faith.

16. These bankruptcy cases were filed for the transparent purpose of changing the forum for the dispute between the Blavesco shareholders. In that respect the filing is part of a larger pattern that includes a motion to compel arbitration (denied), a separate lawsuit filed in Montgomery County (dismissed) and a petition for mandamus (denied). The bankruptcy

5

petitions were filed only when those attempts were exhausted and Mr. Fisher faced enforcement of sanctions.

17. More importantly, these cases serve no legitimate bankruptcy purpose. The Debtors consist of Independence – the company formed to divert business form Blavesco – and eleven (11) entities owned or controlled by Mr. Fisher that own properties formerly managed by Blavesco. The Debtors are not in default with any third-party lenders and have no other apparent need to reorganize. Motions filed by the Debtors in this Court, including a motion to use cash collateral[1] and a motion for authority to make interest payments,[2] confirm that the Debtors are current with their lenders and have sufficient operating income to service their debts. Blavesco's claims against the Debtors have not been liquidated except for the sanctions order and certain expenses to be paid from funds already deposited by Mr. Fisher into the registry of the District Court. Moreover, the Debtors are all owned or controlled by Mr. Fisher and have ample monies available from Cayman Islands investment funds under his control.

18. That this case was not filed in good faith is further evidenced by the extraordinary conflicts of interest on which it rests. Mr. Fisher is the chief defendant in the Blavesco Lawsuit and the primary beneficiary of the scheme to divert business from Blavesco. Yet he is also, to this day, the controlling shareholder and an officer in Blavesco, and in fact he has filed claims on behalf of Blavesco.[3] Thus his interests may diverge from those of both the debtors and the

---

[1] Emergency Motion for Interim Authority to Use Cash Collateral Under 11 U.S.C. §363 and §105 and Request for Preliminary and Final Hearings, filed January 27, 2017 (Doc. 5) at ¶¶16, 17.

[2] Emergency Motion for Authority Pursuant to 11 U.S.C. §363(B)(1) and 105(A) to Pay Interest Payment to Peer Street, Inc., and Execute All Documents Necessary to Protect the Debtor's Collateral Position in the Properties Identified Herein, filed February 7, 2017 (Doc. 31) at ¶15.

[3] Mr. Fisher filed a counterclaim, individually *and on behalf of Blavesco*, against Ms. Carlile in the Blavesco lawsuit.

unsecured creditors – the chief creditor being Blavesco, a company in which Mr. Fisher still maintains all voting shares.[4]

19. Apparently aware of these conflicts, Mr. Fisher has appointed a "Chief Restructuring Officer" for each of the Debtors. However, this appointment is cosmetic only, as evidenced by the "written consent of the manager" filed as an exhibit to each of the petitions initiating these cases. Each of the consents states that the CRO, Erich Mundinger, is authorized to prosecute these Chapter 11 cases "subject to the discretion and consent of Jeff Fisher."

20. Moreover, Mr. Fisher has not himself filed a Chapter 11 proceeding and thus remains beyond the jurisdiction of this Court – residing in Hong Kong while directing investment funds in the Cayman Islands whether and when to contribute funding for the Debtors. Mr. Fisher has boasted that even if a judgment is entered against him, his assets are overseas and in the name of his wife and can never be reached. Surely it is not a good faith use of the bankruptcy process for Mr. Fisher to file selective cases for entities he controls while keeping himself and his assets far from the reach of the Bankruptcy Court.

21. As these bankruptcy cases were not filed in good faith, the automatic stay should be terminated with respect to the Blavesco Lawsuit for cause, pursuant to 11 U.S.C. §362(d)(1). *See, e.g., Matter of Little Creek Development Company*, 779 F.2d 1068, 1071-72 (5th Cir. 1986)(lack of good faith is cause for relief from stay): *Investors Group, LLC v. Pottorff*, 518 B.R. 380 (N.D. Tex. 2014)(Chapter 11 case filed as a litigation tactic lacks good faith); *In re Pacific Rim Investments, LLP*, 243 B.R. 768 (Bankr. D. Colo. 2000)(Chapter 11 case filed as a forum-shopping tactic lacks good faith).

---

[4] Pursuant to the agreement reached in District Court in November 2016, Mr. Fisher was to transfer his shares in Blavesco to Ms. Carlile. He now asserts that Ms. Carlile's attempt to enforce that agreement is stayed by this bankruptcy case, and thus he has not done so.

### Second Ground for Relief from Stay: The Blavesco Lawsuit should be allowed to proceed because it is the most efficient means to liquidate claims.

22. The Blavesco Lawsuit was vigorously litigated in the District Court for eight (8) months prior to the filing of these bankruptcy cases. Numerous hearings have already been held and a number of orders have been entered. The case is set for trial on August 21, 2017.

23. Moreover, the Blavesco Lawsuit includes a number of parties that are not debtors in this Chapter 11 case – both Mr. Fisher and another twelve (12) entities owned or controlled by him.

24. The most efficient means to resolve claims against Mr. Fisher and his companies is in the District Court, where all parties have been joined and which has handled this dispute for many months. Indeed, it is difficult to imagine how any court could resolve claims and interests involving only some of the numerous entities through which Mr. Fisher owns and controls properties at issue. The automatic stay should thus be terminated with respect to the Blavesco Lawsuit for cause, pursuant to 11 U.S.C. §362(d)(1). *See, e.g., In re R. J. Grover Const., LLC*, 411 B.R. 460, 463-66 (Bankr. S.D. Ga. 2008), and cases cited therein (that a long-pending state court case can more efficiently liquidate claims is cause for relief from stay).

### Third Ground for Relief from Stay: in the alternative, the stay should be terminated as to non-debtor parties.

25. At the urging of Defendants' counsel, the District Court has declined to proceed even against non-debtor parties pending direction from the Bankruptcy Court.

26. However, the automatic stay plainly does not apply to non-debtor parties. *E.g., Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). Having not filed Chapter 11 himself, Mr. Fisher should not be allowed to evade the District Court's orders – including the transfer of

Blavesco stock as well as the payment of sanctions. Therefore if this Court does not lift the stay to allow prosecution of the Blavesco Lawsuit for all purposes, Blavesco requests that the Court enter an order, for cause pursuant to 11 U.S.C. §362(d)(1), lifting the stay to the extent it may be construed to apply to non-debtor parties including Mr. Fisher and the other companies named as defendants for which Chapter 11 petitions were not filed.

### Fourth Ground for Relief from Stay: in the alternative, the stay should be terminated to allow for disbursement of funds held in the registry of the District Court.

27. As described above, an agreement was reached pre-petition between Mr. Fisher and the Defendants that included the payment of certain expenses. The agreement was dictated into the record in November 2016; Mr. Fisher deposited $138,186.36 to the registry of the District Court per the agreement, and an order determining the amount of expenses to be paid was issued by the District Court in December 2016. Pursuant to the agreement of the parties, that order and the resulting disbursement were to be final and non-appealable.

28. The agreement and order do not impact the bankruptcy estates, as the funds in question were not property of any of the debtors but instead were deposited by Mr. Fisher. Accordingly that agreement and the related order entered in District Court are not subject to the approval of the Bankruptcy Court. *See In re Woodmar Realty Co.*, 306 F.2d 479, 480 (7th Cir. 1962)(a settlement funded by a party other than the debtor does not require court approval); *Cf. In re McKay*, 443 B.R. 511, 522-23 (Bankr. E.D. Ark. 2010)(settlement of a dischargeability action does not require court approval as the bankruptcy estate is not affected). Therefore if this Court does not lift the stay to allow prosecution of the Blavesco Lawsuit for all purposes, Blavesco requests that the Court enter an order, for cause pursuant to 11 U.S.C. §362(d)(1), lifting the stay to allow the District Court to disburse proceeds in the registry of the Court pursuant to the agreement of the parties and the District Court's prior orders.

WHEREFORE, Blavesco Limited prays that the Court terminate the automatic stay, pursuant to 11 U.S.C. §362(d), as to the Blavesco Lawsuit; or in the alternative, that the Court lift the stay (i) as to non-debtor parties and (ii) to allow for disbursement of funds from the registry of the District Court.

Dated: February 23, 2017

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By:   /s/H. Miles Cohn
H. Miles Cohn
Texas State Bar No. 04509600
1401 McKinney Street, 17th Floor
Five Houston Center
Houston, Texas 77010-4035
Telephone (713) 752-8668
Facsimile (713) 658-1921
mcohn@craincaton.com
**ATTORNEYS FOR BLAVESCO LIMITED**

## CERTIFICATE OF CONFERENCE

I have conferred with debtor's counsel, Mr. Judd, regarding this motion. As of this date, no agreement has been reached regarding the relief requested in this motion.

   /s/H. Miles Cohn   
H. Miles Cohn

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion for Relief from Stay has been served on this the 23rd day of February, 2017, by ECF electronic service or email, to counsel for the Debtors, to all counsel in the Blavesco Lawsuit, to Michael D. Stein (Custodian for Blavesco), to the United States trustee and to all other parties requesting notice, and by United States mail to the Debtors c/o Erich Mundinger, CRO, 2356 Rice Blvd., Suite 201, Houston, TX 77005.

   /s/H. Miles Cohn   
H. Miles Cohn